UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES H. JOHNSON,

    Plaintiff,

                        CASE NO. 06-CV-12848-DT
                        JUDGE SEAN F. COX
                        MAGISTRATE JUDGE PAUL J. KOMIVES

  v.

SECURITAS SECURITY
SERVICES, INC.,

    Defendant.

_____/

**OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO AMEND/OTHERWISE ADD THE
ELCRA/SUPPLEMENTAL JURISDICTION (STATE CLAIM) (Doc. Ent. 13) &
DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT (Doc. Ent. 17)**

**I.    OPINION**

**1.    Background**

Plaintiff Charles H. Johnson ("Johnson") filed a complaint against defendant Securitas Security Services, Inc. ("Securitas") on June 27, 2006. (Doc. Ent. 1). On July 12, 2006, defendant filed a motion for more definite statement. (Doc. Ent. 4). Plaintiff filed a more definite statement on September 15, 2006. (Doc. Ent. 12).

On October 4, 2006, defendant filed an answer to the complaint as amended by plaintiff's more definite statement. (Doc. Ent. 14). Thereafter, I entered an order deeming withdrawn defendant's motion for more definite statement. (Doc. Ent. 15).

**2.    Plaintiff's motion to amend is granted.**

On September 25, 2006, plaintiff filed a "Motion to amend/otherwise add the ELCRA/Supplemental jurisdiction(state claim)". (Doc. Ent. 13). Pursuant to Fed. R. Civ. P. 15(a), plaintiff seeks "to include the provisions under the (ELCRA)Elliott-Larsen Civil Rights

Act, MCL 37.2101 et seq.[.]" Plaintiff alleges race and age discrimination. Doc. Ent. 13 ¶ 2. He also alleges retaliation. Doc. Ent. 13 ¶ 4.

Plaintiff's motion to amend his complaint to add a state-law claim under the Elliott-Larsen Civil Rights Act (ELCRA), Mich. Comp. Laws § 37.2101, based upon supplemental jurisdiction, 28 U.S.C. § 1367,[1] is granted. Fed. R. Civ. P. 15(a) provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served[,]" and plaintiff's motion to amend (filed September 25, 2006) predates defendant's answer (filed October 4, 2006).

### 3.     Plaintiff's motion for default judgment is denied.

On October 19, 2006, plaintiff filed a request for clerk's entry of default, alleging that defendant had failed to plead or otherwise defend in accordance with Fed. R. Civ. P. 12. (Doc. Ent. 16). He also filed a motion for default judgment as to Securitas, alleging, *inter alia*, that defendant had "failed to answer or otherwise defend under this complaint as required under [Fed. R. Civ. P. 55(a)]." (Doc. Ent. 17). That same day, a notice of denial of clerk's entry of default was entered. (Doc. Ent. 18).

Plaintiff's motion for default judgment is denied, because, as previously noted, defendant filed an answer on October 4, 2006.

### 4.     Defendant's request for Rule 11 sanctions is denied.

---

[1] "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367.

On October 20, 2006, defendant filed a response to plaintiff's motion for default judgment. (Doc. Ent. 19). Defendant claims that "[p]laintiff's motion is frivolous and signed in bad faith in violation of Rule 11[.]" Doc. Ent. 19 ¶ 2. Defendant seeks sanctions "in the form of costs incurred in responding to plaintiff's motion in the amount of $250 and/or dismissal of [p]laintiff's [c]omplaint." Doc. Ent. 19 ¶ 3.

With regard to how a motion for Rule 11 sanctions is initiated, the rule provides:

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegations, or denial is not withdrawn or appropriately corrected. If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

Fed. R. Civ. P. 11(c)(1)(A).

Plaintiff's request for Rule 11 sanctions is denied, because defendant has not followed the procedure set forth in Fed. R. Civ. P. 11(c)(1)(A).

## II.     ORDER

Consistent with the foregoing, plaintiff's motion to amend, otherwise add the ELCRA, supplemental jurisdiction (state claim) (Doc. Ent. 13) is GRANTED. Plaintiff has up to and including Wednesday, November 15, 2006 by which to file an amended complaint.

Furthermore, plaintiff's motion for default judgment (Doc. Ent. 17) is DENIED, and defendant's request for Rule 11 sanctions is DENIED.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of ten days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Dated: 10/24/06                    s/Paul J. Komives
                                   PAUL J. KOMIVES
                                   UNITED STATES MAGISTRATE JUDGE

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on October 24, 2006.
>
>                    s/Eddrey Butts
>                    Case Manager